M. UHLMANN, Doing Business as M. UHLMANN & COMPANY v. DOMINO'S BAKERY & MACARONI CO., a Corporation.

Springfield Court of Appeals, March 11, 1922.

1. **SALES: Demurrer to Evidence Properly Overruled.** In an action for the price of a tub of cheese, trial by the court, where there was a question of fact as to whether the person who bought the cheese was defendant's agent at the time, the court properly overruled defendant's demurrer to the evidence, though there was evidence tending to establish the fact that he was not defendant's agent at such time.

2. **TRIAL PRACTICE: Instruction Refused as Argumentative.** In an action for the purchase price of a tub of cheese, the purchase and delivery of which defendant admitted and on which he paid the freight, the court properly refused an instruction that the fact that the cheese was delivered did not justify recovery as under the evidence it was argumentative.

3. ———: **Refusal to Consider Testimony Held too Favorable to Buyer.** In an action for the purchase price of cheese the court's ruling that it would not consider the testimony of plaintiff's agent in the transaction because defendant's agent was dead was more favorable to defendant than he was entitled to.

Appeal from the Circuit Court of Greene County.—*Hon. Orin Patterson*, Judge.

AFFIRMED.

*Wright & Ruffin* for appellant.

*J. W. Chilton* for respondent.

(1) Where no motion for new trial is preserved in the bill of exceptions, and no call therefor, there is nothing before the appellate court for investigation, except the record proper in the cause. Realty Co. v. Brewing Co., 247 Mo. 29; Jordon v. Buschmeyer, 97 Mo. 94; Hastings Industrial Co. v. Baxter, 125 Mo. App. 494. (2) It is elementary law that an appellate court will in the absence of any showing to the contrary, presume the regularity and correctness of judgments of lower courts. State v. Sivils, 105 Mo. 533; Jugg v. Arnold, 75 Mo. App. 73; Holland v. Cunliff, 96 Mo. 82; Johnson v. Long, 72 Mo. 210; Hastings Industrial Co. v. Baxter, 125 Mo. App. 494. (3) Where it is not shown that the court committed error of law by the giving or refusing of declarations of law, its findings of fact necessary to the judgment rendered in a cause, if based on substantial evidence, will not be disturbed on appeal by the higher courts. This also is elementary law. Lewis v. S. & M. Frankle, 158 Mo. App. 262; Freeman v. Foreman, 141 Mo. App. 359; Paine v. O'Donnell, 191 Mo. App. 300. (4) A trial court has the same right to disbelieve wit-

nesses that a jury has when the testimony of such witnesses is before the court. Guaranty & Surety Co. v. Drennon, 181 Mo. App. 202; Tipton v. Christopher, 135 Mo. App. 623; Neux v. Haller, 179 Mo. App. 446. .

FARRINGTON, J.—The plaintiff in this case instituted suit on an account for the sum of $279, alleged to be due from the defendant for the purchase of a tub of Blind Swiss Cheese. The case was tried before the court sitting as a jury who rendered judgment for the plaintiff. Defendant appeals, alleging five assignments of error. First, as to the admission of incompetent testimony. Second, as to the exclusion of competent testimony. Third, refusing proper legal declarations of law, and the other two go to the same question with reference to motion for a new trial and rendering of judgment.

The facts of this case, according to the record before us, show that an agent of the plaintiff sold to an agent of the defendant this tub of cheese at the price heretofore stated; that the cheese was shipped to the defendant at Springfield, Missouri, delivered to it at its place of business and the freight on same paid by it. Some time after the bill was due the plaintiff wrote to defendant. Defendant also brought other cheese after this bill, and there was correspondence between the parties with reference to this particular bill and other bills. The representative of the defendant who bought this cheese died, and prior to his death, according to the correspondence which was introduced in evidence, the defendant was making different excuses for not paying the bill, but after his death denied that this party who had bought it was at the time he did purchase it the agent and representative of the defendant. There is evidence from which it could be inferred that he was the agent of defendant, and evidence from which it could be inferred that he was not the agent of defendant at the time of this purchase. The court found for the plaintiff, and

the letters of defendant which were introduced in evidence are sufficient to take this question to the trier of the fact. It is needless to burden this opinion with copies of the letters. The court correctly overruled the defendant's demurrer to the evidence.

Although there is quite a lengthy statement made by the defendant, and a number of declarations and statements under Points and Authorities, there is not a single authority cited to sustain the contention made by the appellant here.

Only one instruction was asked by the defendant, in which it was asked that the court declare the law to be, that if it should find that the cheese was delivered to the place of business of the defendant, yet that would not justify the court in finding the issues for the plaintiff. This instruction was refused, and correctly so.

As the defendant has admitted that the cheese was delivered to it, coupled with the fact that it paid the freight on it, and coupled with the fact that in the letters written to the plaintiff before the death of defendant's agent, it spoke of the shipment in terms that indicated that it had bought it, was enough to justify the court in the action it took.

The declaration which is asked as one of law by the defendant would better have been termed an argument to the court on the facts, as under the facts of the case the court might have found for the defendant, and have done so even though it did find that the cheese was delivered to it. On the other hand, from the admissions made to plaintiff in the letters from the defendant, the payment of the freight on the shipment by defendant, and the acceptance of it in its place of business was all evidence which was to be considered in determining the question of fact.

There is no evidence which was excluded by the court, which is pointed out by the defendant, that appears to us to have been error, and in fact the court indicated that it would not consider the testimony of plaintiff's

Uhlmann v. Bakery & Macaroni Co.

witness, who was plaintiff's agent, because the agent of defendant was dead. This was a more favorable ruling under the recent Supreme Court decisions than the defendant was entitled to.

There is no reversible error in the record before us, and the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.